UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **KOREN WILLIAMS**, | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **CAPITAL ONE**, | ) **FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## COMPLAINT

KOREN WILLIAMS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Michigan and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Westland, Michigan 48185.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its corporate headquarters located at 1680 Capital One Drive, McLean, VA 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around spring 2015 and continuing through in or around February 2017, Defendant placed repeated calls to Plaintiff's cellular telephone attempting to contact a third party named Janay.

13. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a detectible delay or pause prior to being connected to a representative.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Plaintiff never consented to Defendant placing calls to his cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded message.

17. Desiring to stop these repeated calls, Plaintiff spoke to Defendant shortly after calls began in or around spring 2015 and told Defendant they were calling a wrong number and to take his number off their list.

18. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. However, Defendant instead continued to call him despite his instruction to stop calling and to remove his phone number from their list.

20. Defendant's incessant calls were frustrating and irritating to Plaintiff, so he downloaded a blocking application as a means to stop Defendant's unwanted calls.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, in and after spring 2015, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KOREN WILLIAMS, respectfully prays for a judgment as follows:

    a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KOREN WILLIAMS, demands a jury trial in this case.

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
|   |   |
|   | KIMMEL & SILVERMAN, P.C. |
|   |   |
| DATED: June 9, 2017 | By: /s/ Amy L. Bennecoff Ginsburg<br>AMY L. BENNECOFF GINSBURG<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Fax: (877) 788-2864<br>Email: aginsburg@creditlaw.com |